59 F.3d 182
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Mae W. SMITH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3661.
 United States Court of Appeals, Federal Circuit.
 June 20, 1995.
 
 Before PLAGER, CLEVENGER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mae W. Smith, a former Postal Service employee, petitions for review of a decision of the Merit Systems Protection Board (MSPB), Docket No. SL-0831-94-0278-I-1, upholding the denial of her request for a particular type of retirement benefit. Because substantial evidence supports the MSPB's finding that Smith's separation from the Postal Service was voluntary, and because a voluntary retiree is not entitled to the benefits Smith seeks, we affirm.
 
 DISCUSSION
 
 2
 Smith was employed by the Postal Service as an Employee Relations Programs Analyst. In 1992, prior to implementing a reorganization, the Postal Service sought and obtained from the Office of Personnel Management (OPM) permission to extend to its eligible employees an opportunity for voluntary early retirement pursuant to 5 U.S.C. Sec. 8336(d)(2). Smith applied for the early retirement option and was granted early retirement effective November 20, 1992.
 
 
 3
 On the day her retirement became effective, Smith submitted a letter to OPM requesting an alternative form of annuity with a lump-sum initial payment and reduced monthly payments. She recognized that the alternative form of annuity is normally available only to persons who are separated involuntarily from federal service. She contended, however, that her separation should be deemed involuntary because her position had been abolished under the Postal Service's reorganization and she had not yet been advised of a possible new position.
 
 
 4
 OPM denied Smith's request. It explained that the alternative form of annuity with a lump-sum option is available pursuant to 5 U.S.C. Sec. 8343a only if the annuitant is involuntarily separated for reasons other than delinquency or misconduct, or if the annuitant has a life-threatening illness or other critical medical condition. OPM determined that Smith's retirement had been voluntary and that she was not otherwise eligible for the alternative form of annuity. The MSPB affirmed the OPM's decision, upholding its finding that Smith's retirement was voluntary.
 
 
 5
 On appeal, Smith contends that her separation was involuntary and that she is therefore entitled to an alternative form of annuity pursuant to 5 U.S.C. Sec. 8343a(f). The MSPB, however, found as a matter of fact that Smith's retirement was voluntary, and we conclude that the MSPB's finding was supported by substantial evidence. The MSPB found that Smith had sufficient time to consider her options before choosing the early retirement option, that she set the date for her retirement, and that she had been given proper information concerning her rights under the early retirement option. Any uncertainty regarding her future with the Postal Service, the MSPB concluded, did not render Smith's election of the early retirement option involuntary, i.e., it did not render her separation involuntary under the governing test, which defines an involuntary separation as a separation that is "against the will and without the consent of the employee." Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1058 n. 2 (Fed.Cir.1985). Because Smith has provided no substantial reason to question that finding, we must uphold the denial of her request for an alternative form of annuity.